USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD WARREN,

                Plaintiff,

v.

COLUMBIA PRESBYTERIAN HOSPITAL, et al.,

                Defendants.

No. 12-CV-5139 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Harold Warren, proceeding *pro se*, has filed an "Order to Show Cause to Restore the Case to the Calendar," seeking to reopen this action, which was initiated in June 2012 and dismissed for failure to prosecute on August 22, 2014. The Court construes Plaintiff's filing as a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's August 22, 2014 order. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff initiated this action on June 29, 2012, alleging claims related to the termination of his health insurance coverage. Defendants answered, and on March 29, 2013, the case was referred to Magistrate Judge Maas for a settlement conference. In June 2013, *pro bono* counsel filed a notice of appearance on behalf of Plaintiff for the limited purpose of settlement. Shortly thereafter, however, *pro bono* counsel was relieved, and Plaintiff continued to pursue his claims *pro se*. A conference was scheduled before Judge Maas for September 3, 2013.

On August 22, 2013, Plaintiff informed the Court that he had undergone abdominal surgery and would not be able to attend any conferences until he obtained clearance from his

doctor. Accordingly, on August 28, 2013, Judge Maas placed this action on the suspense calendar pending Plaintiff's recovery. Judge Maas directed Plaintiff to notify the Court in writing once Plaintiff was ready to proceed with the case. On March 6, 2014, the Court—having not heard from Plaintiff in over six months—ordered Plaintiff to notify the Court within 30 days when he expected to be medically fit to resume this action. Plaintiff did not respond to that order. On July 18, 2014, the Court again ordered Plaintiff to notify the Court within 30 days whether he intended to pursue this action. The Court warned Plaintiff that if he failed to respond within 30 days, his case would be dismissed for failure to prosecute. Plaintiff, again, did not respond.

Accordingly, on August 22, 2014 the Court—having not received any communication from Plaintiff for one year—dismissed this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). More than two years later, Plaintiff filed the instant "Order to Show Cause to Restore the Case to the Calendar," seeking to reopen his case.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief.

Any motion under Rule 60(b) "must be made within a reasonable time," and a motion brought pursuant to Rule 60(b)(1), (2) or (3) must, in addition, be made "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c). "This one-year limitations period is absolute, even when the party seeking relief is *pro se*[.]" *Azkour v. Little Rest Twelve*, No. 10-

cv-4132 (RJS), 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (internal quotation marks omitted).

Here, Plaintiff contends that he is entitled to relief because (1) he required substantial recovery time following his surgery, (2) he did not receive certain correspondence from the Court, and (3) he was subject to misconduct by the *pro bono* attorney (who represented him for approximately one week). His motion is most naturally construed as falling within the ambit of Rule 60(b)(1), for "excusable neglect." But Plaintiff's motion was filed on January 17, 2017—nearly two and a half years after the August 22, 2014 order dismissing his case for failure to prosecute.[1] Plaintiff's motion was thus filed well after the one year limitations period for motions under Rule 60(b)(1) and—to the extent brought under that provision—it is untimely. *See id.*

The only other provision conceivably applicable to Plaintiff's motion is Rule 60(b)(6), a catchall provision permitting relief from a final order for "any other reason that justifies relief."[2] To the extent Plaintiff's motion was brought under that provision, it too is untimely, since it was not "made within a reasonable time." Fed. R. Civ. P. 60(c); *see, e.g., Abdullah v. Direct Model Mgmt.*, No. 15-cv-3100 (JMF), 2018 WL 1750598, at *2 (S.D.N.Y. April 11, 2018) (denying *pro se* plaintiff's Rule 60(b) motion in part because it was not made within a reasonable time, as the plaintiff "took no steps to find out the status of the case . . . for nearly two years"); *Klein v. United Parcel Serv.*, No. 11-cv-2044 (ER), 2014 WL 4637493, at *3 (S.D.N.Y. Sept. 17, 2014) (denying *pro se* plaintiff's Rule 60(b) motion where plaintiff delayed seeking to reopen the case

---

[1] Although the typewritten date on Plaintiff's motion is January 3, 2016, Plaintiff signed and submitted the motion on January 17, 2017, which is the same day it was received by the Court. Even if Plaintiff's motion had been submitted on January 3, 2016, it would still be untimely under Rule 60(b)(1).
[2] The remaining provisions of Rule 60(b), which permit post-judgment relief on the grounds of newly discovered evidence, fraud or misconduct by an opposing party, or a judgment that is void or has been satisfied, released, or discharged, are inapplicable. *See* Fed. R. Civ. P. 60(b)(2)–(5).

for three and one-half years); *Graham v. Sullivan*, No. 86-cv-163 (WK), 2002 U.S. Dist. LEXIS 9006, at *4 (S.D.N.Y. May 10, 2002) (holding that a *pro se* plaintiff's nineteen month delay in bringing a Rule 60(b) motion was "unreasonable" and dismissing it as untimely).

Even if the Court were to construe Plaintiff's request for relief as a timely motion under Rule 60(b)(6), it would fail on the merits. "[T]he Court of Appeals has interpreted [Rule 60(b)(6)] to justify relief from a final judgment only in extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) – (5) of Rule 60(b)." *Prince of Peace Enters., Inc. v. Top Quality Food Market, LLC*, No. 07-cv-0349 (LAP)(FM), 2012 WL 4471267, at *3 (S.D.N.Y. Sept. 21, 2012) (internal citations, quotation marks, and brackets omitted). "The heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel." *D'Attore v. City of New York*, No. 10-cv-6646 (WHP), 2014 WL 173482, at *1 (S.D.N.Y. Jan. 8, 2014) (brackets omitted).

Here, Plaintiff has not presented the Court with any "extraordinary circumstances" warranting relief under Rule 60(b)(6). As to Plaintiff's recovery time following surgery, Plaintiff has submitted a letter from his doctor, dated December 15, 2016, which states that Plaintiff "was last seen in our practice September 17, 2013 and has since been seen and treated by another practice in Manhattan. Let this letter serve as documentation that his initial surgery lends no contraindication to his having resumed his normal work schedule and or requirements." The letter nowhere states that Plaintiff was medically unable to resume prosecuting this action for the three-and-a-half years that have elapsed between his surgery and his instant motion.

As to Plaintiff's claim that he did not receive the Court's orders, the public docket

reflects that the Court mailed all orders to Plaintiff at the address he provided, and further reflects that none of these mailings were returned to the Court as undeliverable. Prior to his most recent filing, Plaintiff never informed the Court of any change to his address. Moreover, the Court informed Plaintiff in January of 2013 that it was his responsibility to update his address with the Court. Plaintiff's unsubstantiated representation—after having failed to communicate with the Court for more than three years—that he "never saw any of the [Court's] subsequent correspondence," does not provide a sufficient basis to warrant relief under these circumstances. *See Graham*, 2002 WL 31175181, at *3–4 (denying plaintiff's Rule 60(b) motion, despite plaintiff's assertion that he never received a copy of the court's order dismissing his case, where the order was mailed to plaintiff's last known address, plaintiff had never informed the court that his address had changed, and plaintiff had made no effort to contact the court to ascertain the status of his case).

Finally, Plaintiff's complaints about the attorney who represented him *pro bono* for one week also do not present "extraordinary circumstances" justifying relief under Rule 60(b)(6). "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Prince of Peace Enters., Inc.*, 2012 WL 4471267, at *6 (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)). Here, Plaintiff appears to argue that his *pro bono* attorney rescheduled a settlement conference without his consent. Such conduct occurred—if at all—in June of 2013 and, shortly thereafter, the Court granted Plaintiff's request for his counsel to be relieved from the case. Since then, Plaintiff corresponded with the Court multiple times *pro se*, including to reschedule the

settlement conference and, later, to request an adjournment of the conference in light of his surgery. The Court, likewise, "[took] steps to ensure that [Plaintiff] was included on any communications with the Court" following his attorney's withdrawal. *Philips Lighting Co. v. Schneider*, 395 F. App'x 796, 798 (2d Cir. 2010). Plaintiff's counsel's alleged conduct thus does not amount to the sort of "abandonment" or "disappearance" that could potentially warrant relief under Rule 60(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the Court's August 22, 2014 order is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 63 and to close this case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: May 24, 2019
New York, New York

Ronnie Abrams
United States District Judge